Robert Charles CAULEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17302.

United States Court of Appeals Ninth Circuit.

Sept. 11, 1961.

Robert Charles Cauley, in pro. per.

C. E. Luckey, U. S. Atty., and Joseph E. Buley, Asst. U. S. Atty., Portland, Or., for appellee.

Before HAMLIN, MERRILL and KOELSCH, Circuit Judges.

HAMLIN, Circuit Judge.

Robert Charles Cauley, appellant herein, was charged in an indictment filed in the United States District Court for the District of Oregon with eleven violations of the narcotic laws of the United States. After a trial by jury he was convicted on all eleven counts, and on September 17, 1957, he was sentenced by the district judge to a term of six years imprisonment on each count, the sentences to run concurrently. No appeal was taken from this conviction.

Over three years later and while in prison, appellant, in propria persona, filed a motion under 28 U.S.C.A. § 2255 to vacate the judgment and sentence theretofore imposed by the district judge. In this motion appellant alleged that (1) he was convicted on hearsay evidence and on the word of a federal officer alone; (2) that he was denied the right to prop-

er counsel; (3) that he was arrested without a warrant, and he and his home were searched without a search warrant; (4) that he was not arrested at the time of the alleged sale of narcotics; and (5) that one of the witnesses to the transaction was not produced by the government. The district judge who tried the case against appellant denied his motion by order dated December 12, 1960, and appellant has appealed to this court. Cauley later filed a motion in the district court asking for a transcript of the testimony in the original criminal case at government expense. The district court did not grant this motion but did make an order on March 1, 1961, in which he refused "to certify that the appeal is not frivolous but presents a substantial question, for the reason that I believe there is no merit in the appeal and that it does not present a substantial question on appeal." A later application by appellant to this court for leave to proceed in forma pauperis was denied "for the reasons expressed by Judge Solomon in his order filed December 12, 1960." Thus there is no record before this court of the proceedings at the trial, none having been presented to this court by appellant.

There are many questions which an appellant may raise upon an appeal from a judgment of conviction which cannot be raised by a motion under § 2255. In Black v. United States, 9 Cir., 1959, 269 F.2d 38, 41, the court said:

"A sentence is not ordinarily subject to collateral attack in a section 2255 proceeding for errors of law which could have been corrected by an appeal."

█ Concerning appellant's claim that he was denied the right to proper counsel, it was said in Black v. United States at page 42:

"This is not a ground for relief under section 2255 unless it is shown that the attorney's conduct was so incompetent that it made the trial a farce, requiring the court to intervene in behalf of the client. Latimer v. Cranor, 9 Cir., 214 F.2d 926,

929. In denying the instant section 2255 motion the district court found that the conduct of Black's counsel at the trial 'was that of a skillful and experienced lawyer.' Our reading of the record confirms this view."

An examination of the allegations in appellant's motion on this point shows that there was no contention made by appellant that his attorney's conduct "was so incompetent that it made the trial a farce." In fact, his main contention seems to be that his self-chosen attorney, after an investigation of the case, advised him to enter a plea of guilty. This does not evidence any incompetence on the part of the attorney; in fact, such advice in many cases may be the best advice that counsel can give to a defendant. The district judge in passing upon Cauley's motion on December 12, 1960, said in reference to this contention:

"There is no merit in defendant's contention that he was not properly represented at the trial. Defendant was represented by an experienced, able and conscientious lawyer, but there is a limit to what any lawyer can do for a defendant when the evidence so clearly demonstrates his guilt."

As this court stated in Stanley v. United States, 9 Cir., 1957, 239 F.2d 765, 766:

"The allegations set forth fall far short of alleging such incompetence or inefficiency as would bring home his lack of adequate representation to the trial court. There is no claim that it was such as to make the trial a farce or a mockery of justice. Cf. Taylor v. United States, 9 Cir., 238 F.2d 409, and cases there cited."

█ Appellant, in his brief to this court, listed the remainder of his contentions as follows:

"Were the federal agents justified to enter appellant's apartment without benefit of warrant of arrest or search warrant?

"Could the evidence found outside an apartment building where appellant was just one of the persons who

lived in the building be admitted in Court as evidence against appellant?

"Could the federal agents search and seize the appellant's automobile when no evidence was found in said automobile?

"Was appellant shown due process of law, when the appellee's [sic] refused to produce the accuser?

"How could a federal agent testify to an act committed that [sic] he was not present and no witness appeared to corroborate his statement?

"Was due process shown when the Court refused to subpoena the witnesses or enter a deposition?

"Could appellant be convicted on the testimony of a person other than the accuser?

"Why was not appellant arrested when one of these acts was committed, rather than more than a month later?"

Each of them either on its face has no merit or may not be considered on a motion under section 2255. Appellant's complaint that he was arrested without a warrant and that evidence was improperly admitted could have been brought up on appeal. Appellant complains of the search of his automobile, but he admits that nothing taken in the search was introduced into evidence. There is nothing that requires the government to produce every witness to a crime, nor is it necessary that a person be arrested as soon as the police have reason to believe that he has committed a crime. Finally, many of appellant's contentions seem to go to the weight of the evidence; a motion under section 2255 is not a proper way to review the weight of the evidence. We agree with the comments made by the district judge in his order of December 12, 1960, when in disposing of appellant's contentions he said:

"The allegations that hearsay evidence was admitted and that the failure of the informer to testify deprived defendant of his Constitutional rights are equally without merit. A government agent who observed the transaction testified. There is no requirement that the government call all witnesses to a transaction or that an informer must be called to testify. The testimony of only one witness is sufficient to establish any issue in the case."

The judgment of the district court is affirmed.