**John H. DOWNEY, Jr., Petitioner,**

v.

**UNITED STATES of America,
Defendant.**

Civ. A. No. 568.

United States District Court
W. D. Virginia,
at Lynchburg.

July 22, 1963.

Joseph L. Lyle, Jr., Lynchburg, Va., court appointed counsel for petitioner.

James C. Roberson, Asst. U. S. Atty., for the United States.

MICHIE, District Judge.

John H. Downey Jr., who is held in custody in the United States Penitentiary at Lewisburg, Pennsylvania, pursuant to a conviction of violation of 18 U.S.C.A. § 2312 (interstate transportation of a stolen motor vehicle) and consequent sentence, filed a petition for release under 28 U.S.C.A. § 2255 providing for relief from certain illegal sentences. The petition alleged that the sentence imposed upon the prisoner was illegal because he had been coerced into pleading guilty. Upon this allegation a hearing was granted the petitioner and held.

At the hearing there was no testimony indicating coercion or undue pressure on the part of any Federal personnel. However the prisoner did testify that his guilty plea was coerced by his own counsel—employed on the prisoner's behalf by his sister.

The background facts are as follows. The prisoner had been convicted in 1951 in a Virginia state court on four counts of housebreaking and larceny and had been given three years in the state penitentiary on each count. But the sentence was suspended on three counts and the prisoner put on probation for ten years.

Several times later he was in trouble with the state authorities. But on these occasions he gave valuable information to the state authorities leading to the conviction of other persons and was not prosecuted himself and his probation was not revoked.

Some time in late 1961 he and another boy went to Ohio, stole an automobile and drove it back to Lynchburg. He was later picked up and charged with both a state and federal offense. He was convicted in the state court and given a four year sentence. His lawyer then went to the Commonwealth's Attorney and said that if Downey were sent to the State Penitentiary he might well be killed there by some of the inmates against whom he had previously turned state's evidence and suggested that the state proceeding be annulled and the matter left for handling by the Federal Court under 18 U.S.C.A. § 2312. The Com-

monwealth's Attorney agreed to this course and an order or orders were entered in the state court wiping out all previous sentences which left Downey with no time to serve and no period of probation under the state sentences.

There is no first hand testimony to the effect that the state court took this action on the understanding that Downey would plead guilty in the Federal case but Downey testified that Mr. Joseph Johnson, Downey's counsel, told him that he had made such a "deal". Unfortunately Mr. Johnson was ill at the time of the hearing on this § 2255 motion and could not testify. It is of course possible that Johnson may have had such an understanding with Downey and the state officials. In fact Downey testified not only that Johnson told him that he had made such an arrangement but that, after the state court proceedings were dropped, Johnson also told Downey that he would not be able to defend him if he pleaded not guilty. And Downey further charges that Johnson told him that the state charges "would be put back on him if he did not plead guilty in the Federal Court."

At any rate, whether coerced by his own counsel or not, Downey did plead guilty in the Federal court and received a sentence of three and a half years.

The bill of particulars filed by court appointed counsel in this case alleges that an F.B.I. agent, John Freeze, induced Downey to plead guilty by promising that he, Freeze, would arrange for the dismissal of the state charge. Downey did not so testify at the hearing and Freeze denied it. The gravamen of the complaint now, therefore, is that the prisoner's lawyer made a very good bargain for the prisoner without the prisoner's knowledge and persuaded him to live up to it when the prisoner was reluctant to do so, in part by threatening to retire from the case if the prisoner did not do so.

It seems to me that the question pretty much answers itself. Forgetting the allegations of the petition as to which there was no evidence and assuming the truth of the petitioner's testimony there still is nothing to the petitioner's complaint except that he had a disagreement with his counsel, that counsel gave him some incorrect advice as to the possibility of reopening the state cases and that, based on that bad advice, the prisoner decided to follow counsel's advice and plead guilty.

It would certainly open a Pandora's box of troubles for the courts if the principle were established that every conviction on a plea of guilty that was based on a lawyer's mistaken advice could for that reason be set aside. Fortunately there is no such law.

In Kent v. United States, 272 F.2d 795 (1st Cir., 1959) the petitioner alleged that his confession and plea of guilty were involuntary because induced by threats that unless he did so he would be turned over to the state authorities. The Court said:

"Finally, petitioner alleges that he was told that if he did not admit the federal crime, he would be turned over to the state authorities. No doubt the crime, if committed, was also a state offense. This allegation merits no discussion."

And in Cauley v. United States, 294 F.2d 318 (9th Cir., 1961) the Court said:

" * * * In fact, his main contention seems to be that his self-chosen attorney, after an investigation of the case, advised him to enter a plea of guilty. This does not evidence any incompetence on the part of the attorney; in fact, such advice in many cases may be the best advice that counsel can give to a defendant. * * * "

Also in Alexander v. United States, 290 F.2d 252 (5th Cir., 1961), the Court said:

" * * * The mistake of appellant's counsel, if mistake it was, in recommending a plea of guilty, cannot be corrected by us. The entry of the plea of guilty on counsel's recommendation will not be set aside merely because the recommendation was based upon a legal opinion which

subsequent events proved wrong. The complaint of a convicted prisoner that he was not properly represented by counsel of his own choice can only be sustained where the attorney's conduct amounts to a breach of a legal duty. * * *"

The prayer of the petitioner must be denied. An order will be entered accordingly.