810 F.2d 195
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell Lynn RICKS, Defendant-Appellant.
 No. 86-7636.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 28, 1986.
Decided Jan. 14, 1987.
 
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Darrell Lynn Ricks, appellant pro se.
 Joseph Sedwick Sollers, Office of the United States Attorney, for appellee.
 PER CURIAM:
 
 
 1
 Darrell Lynn Ricks, a federal inmate, appeals from the orders of the district court denying his motion for post-conviction relief brought pursuant to 28 U.S.C. § 2255 and denying his motion to reconsider brought pursuant to Fed.R.Civ.P. 60(b). In 1979 Ricks was convicted in a jury trial of aggravated bank robbery in violation of 18 U.S.C. § 2113(d) and 2, and was sentenced to a term of imprisonment of twenty-five years and fined $10,000. Ricks appealed his conviction, alleging that the trial court erred in permitting eyewitness identification testimony that was not reliable. This Court found no error and affirmed Ricks' conviction. United States v. Ricks, No. 80-5018 (4th Cir., March 17, 1981) (unpublished). In his § 2255 motion Ricks raises four allegations of error which he asserts entitle him to relief. These claims are: (1) the trial judge abused his discretion in that he rendered biased and unfair decisions against Ricks during his trial and at sentencing; (2) the government attorney proffered and induced perjured testimony; (3) the government attorney withheld important and pertinent information from the defense; and (4) he was denied the effective assistance of counsel. The district court found that none of Ricks' claims entitled him to relief. We agree and affirm.
 
 
 2
 Collateral attacks brought under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); see also United States v. Timmreck, 441 U.S. 780 (1979). As this Court pointed out in Taylor v. United States, 177 F.2d 194, 195 (4th Cir.1949):
 
 
 3
 Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack may the attack be made by motion under 28 U.S.C.A. § 2255, which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus.
 
 
 4
 Most of the allegations in Ricks' claim of abuse of discretion and bias on the part of the trial judge involve nothing more than alleged error of a nonconstitutional nature. As such, if the nonconstitutional error could have been raised on direct appeal but was not then the claim may not normally be asserted in a § 2255 proceeding. Timmreck, supra, at 784. Of the claims that Ricks now advances, the only issue which he raised on appeal was the challenge to the testimony of the eyewitnesses who identified him as the person that they saw near the bank at the time of the robbery. We found no error with the admissibility of this testimony when we reviewed it on direct appeal, and our review of the record incident to this motion reveals no reason to question the eyewitness testimony now. As to the other allegations of abuse of discretion and bias, we see nothing in any of these allegations that either states a constitutional claim, or which resulted in a complete miscarriage of justice.
 
 
 5
 The granting of continuances is a matter left to the sound discretion of the trial judge. See Ungar v. Sarafite, 376 U.S. 575, 589 (1964). Only when the trial judge's refusal to grant a continuance "can be deemed arbitrary and fundamentally unfair will such a refusal be deemed an abuse of discretion." United States v. Sellers, 658 F.2d 230, 231 (4th Cir.1981). The trial court did not abuse its discretion in denying Ricks' request, made after the trial had commenced, to fire his court-appointed counsel and for a postponement in order to obtain another court-appointed attorney. See United States v. Lawrence, 605 F.2d 1321 (4th Cir.1979), cert. denied, 444 U.S. 1084 (1980); United States v. Dunlap, 577 F.2d 867 (4th Cir.1978). Nor do we find an abuse of discretion in the trial judge's refusal to grant a continuance in order to permit Ricks the opportunity to prepare his defense further, to review statements from government witnesses, and to obtain the presence of a witness. There is no indication in the record in this case that Ricks' defense counsel was unprepared in his defense, lacked sufficient time within which to review the statements of witnesses, or failed to subpoena witnesses whom Ricks had timely requested. Moreover, other than Ricks' conclusory allegations, there has been no showing that he was prejudiced by the trial court's refusal to grant him a continuance.
 
 
 6
 Ricks alleges that the trial judge abused his discretion in that he sentenced Ricks to the maximum term of imprisonment and imposed the maximum fine upon his conviction. Our role in reviewing sentencing decisions of the district courts is very limited. A federal district court judge is vested with broad discretion in imposing sentences. Sentences which are within the statutory limits are generally not reviewed. United States v. Schocket, 753 F.2d 336, 341 (4th Cir.1985); see also Dorszynski v. United States, 418 U.S. 424, 440-41 (1974). In this case the sentence was within the statutory limits. Absent a showing of extraordinary circumstances or a gross abuse of discretion the sentence should not be disturbed. Schocket, supra, at 341. Ricks has not shown, nor do we find, either extraordinary circumstances or an abuse of discretion in the imposition of his sentence.
 
 
 7
 Ricks' allegations of prosecutorial misconduct are equally devoid of merit. In support of this claim Ricks alleges that the government (a) knowingly used perjured testimony at his trial; and (b) withheld discovery material and testimony. In order to vacate a judgment and sentence on the ground that the conviction was obtained through the use of perjured testimony the petitioner has the burden of showing that (a) the testimony given was false; (b) it was material; and (c) it was knowingly and intentionally used by the prosecution in order to obtain the conviction. McBride v. United States, 466 F.2d 229, 232 (10th Cir.1971). A petitioner does not meet this burden merely by asserting conclusory allegations that perjured testimony was knowingly used, id, or by pointing out inconsistencies or conflicts in the testimony of a witness or witnesses. Anderson v. United States, 403 F.2d 451, 454 (7th Cir.1968) (citing United States v. Spadafora, 200 F.2d 140 (7th Cir.1952)), cert. denied, 394 U.S. 903 (1969). Ricks has not made the requisite showing in this case. We have examined the transcripts of the witnesses' testimony of which he complains and find nothing more than minor inconsistencies. It is not an uncommon occurrence of most trials that testimony by multiple witnesses may not be totally consistent. Such inconsistencies do not, however, mean that the testimony is perjured. Ricks' request for relief on this claim must fail.
 
 
 8
 Ricks also finds prosecutorial misconduct in the government's failure to call as a witness a City of Baltimore police officer who looked into the window of the bank during the robbery and saw one of the robbers. Ricks contends that by failing to call this witness the government deprived him of the opportunity to expose alleged perjury on the part of another government witness. Ricks' defense counsel's affidavit submitted with the government's response to the § 2255 motion reveals that the defense had knowledge of this police officer, had obtained a copy of the statement given by this officer, and concluded that the officer's testimony would not have been beneficial to Ricks' defense. Clearly the government is not required to call every witness to a crime. See Cauley v. United States, 294 F.2d 318, 320 (9th Cir.1961). We find no misconduct on the government's part for failing to do so.
 
 
 9
 Ricks' final contention, that he was denied the effective assistance of counsel, is equally groundless. Our review of this claim begins with the presumption that the lawyer was competent; the burden rests with Ricks to demonstrate that there has been a constitutional violation. See United States v. Cronic, 466 U.S. 648 (1984). In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court held the test for ineffective assistance of counsel claims to be:
 
 
 10
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.
 
 
 11
 Additionally, Strickland requires the convicted petitioner claiming ineffective assistance of counsel to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The reviewing court "must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Even if defense counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694. If it is more efficient to address an ineffective assistance of counsel claim on the ground of lack of prejudice, then the court should do so. 466 U.S. at 697.
 
 
 12
 Ricks claims that he was denied the effective assistance of counsel in that his court-appointed counsel:
 
 
 13
 (a) only visited him two times prior to trial, and conducted an inadequate investigation of the case;
 
 
 14
 (b) refused to subpoena his codefendant, refused to subpoena a City of Baltimore police officer who was present at the scene at the time of the robbery, and misstated circumstances of the robbery in his opening statement; and
 
 
 15
 (c) failed to raise certain issues on appeal, and argued the appeal without having a complete transcript.
 
 
 16
 In his affidavit filed with the government's response Ricks' court-appointed trial counsel states that he visited Ricks on at least four different occasions and talked to him as much as was necessary to fully prepare for trial; that he discussed the case with the government attorney handling the prosecution, and with the counsel who represented Ricks' codefendant; that he received and reviewed all pertinent documents and discovery in the case; that he made a tactical decision not to call the codefendant as a witness upon learning that the codefendant would utilize his Fifth Amendment right not to incriminate himself and would not testify; that he had no recollection of Ricks' having made a request to have the codefendant subpoenaed only for size comparison purpose; that his opening statement was truthful, concentrated on a lack of identification, and attempted to raise issues which could create reasonable doubt; that he fully tested the eyewitness identification testimony of the government witnesses; that he determined that the Baltimore police officer would not have helped the case and made a tactical decision not to call him; and that he attempted to ask the witnesses the questions requested by Ricks.
 
 
 17
 We have carefully examined the record in this case with respect to Ricks' allegations of counsel ineffectiveness and conclude that Ricks' counsel's performance was reasonable considering all of the circumstances and was within the wide range of reasonable professional assistance which is acceptable. Moreover, Ricks has not shown that the outcome of his trial would have been different had his counsel taken the actions that Ricks now contends should have been taken. The record does not indicate, nor has Ricks shown, what difference additional meetings with him and more investigation would have made to the outcome of his trial.
 
 
 18
 The allegations of ineffectiveness relating to the failure to call certain witnesses and the presentations made in the opening statement all relate to tactical decisions made by counsel. It is not the proper role of this Court to second-guess a trial attorney's tactical decisions, Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir.1977), except when it appears that the attorney's performance was not reasonable considering all the circumstances. Strickland, 466 U.S. at 690. We are of the opinion that the performance of Ricks' attorney in this regard was reasonable considering all of the circumstances and was within the wide range of reasonable professional assistance which is acceptable.
 
 
 19
 Similarly, Ricks' claims of counsel ineffectiveness in prosecuting his appeal are equally without merit. Under Strickland, supra, Ricks must show that the appellate counsel's failure to appeal the convictions in a manner suitable to Ricks fell below an objective standard of reasonable professional assistance, and that there is a reasonable probability that had the failure not occurred the result of the appeal would have been different. Decisions by appellate counsel concerning which legal issues will be presented on appeal are "uniquely within the lawyer's skill and competence, and their resolution is ultimately left to his judgment." Cerbo v. Fauver, 616 F.2d 714, 718 (3d Cir.), cert. denied, 449 U.S. 858 (1980). Additionally, there is no requirement that an appellate counsel appeal issues which are clearly untenable, or that he appeal "every possible question of law at the risk of being found to be ineffective." Gustave v. United States, 627 F.2d 901, 906 (9th Cir.1980). See Jones v. Barnes, 463 U.S. 745 (1983). Our review of the record does not support Ricks' claim that his appellate counsel's performance was outside the wide range of reasonable professional assistance acceptable, or that the result of the appeal would have been different had Ricks' appellate counsel pursued the appeal as Ricks now contends that he should have.
 
 
 20
 Finally, we find no error in the district court's denial of Ricks' motion to reconsider brought pursuant to Fed.R.Civ.P. 60(b). Ricks, in his Rule 60(b) motion, failed to present any of the enumerated reasons which could justify reconsideration of the final judgment. We find no abuse of discretion in the district court's decision not to disturb its prior ruling.
 
 
 21
 Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 22
 AFFIRMED.