* The panel unanimously finds this case suitable for decision without oral argument. Fed.

ous. Nor did the tax court err in denying Taxpayer the $60,000 charitable deduction.

AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Stephen LEWIS, Defendant–Appellant.**

**No. 92–10231.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 1992 *.

Decided Nov. 18, 1992.

R.App.P. 34(a); 9th Cir.R. 34–4.

Daniel J. Albregts, Asst. Federal Public Defender, Las Vegas, Nev., for defendant-appellant.

Paul E. Wommer, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before SNEED, ALARCON and CANBY, Circuit Judges.

ALARCON, Circuit Judge:

Stephen Lewis appeals from his sentence of 170 months for bank robbery in violation of 18 U.S.C. § 2113(a). Pursuant to a plea agreement, Lewis entered a plea of guilty to one count of bank robbery in exchange for the prosecutor's promise that the Government would recommend to the district court that Lewis not be sentenced as a career offender.

Lewis contends that he was deprived of his right to due process because the district judge assumed the roles of both "advocate and magistrate" in requesting transcripts of Lewis' prior convictions. Lewis further argues that by adopting the recommendation in the presentence report that Lewis be sentenced as a career offender, the district court deprived Lewis of the benefit of his plea bargain.

## I.

On April 10, 1991, Lewis was charged in a one count indictment with bank robbery in violation of 18 U.S.C. § 2113(a). Lewis entered into a formal plea agreement with the government in which he agreed to plead guilty to bank robbery in exchange for the government's recommendation that Lewis not be sentenced as a career offender under Sentencing Guideline Section 4B1.1. Because the transcripts of Lewis' prior convictions appeared to be unavailable, the Government agreed to recommend that Lewis not be treated as a career offender.

The probation officer recommended that Lewis be sentenced as a career offender based on his three prior convictions for bank robbery. In making this recommendation, the probation officer stated that she believed that Lewis' prior pleas were constitutional because they were never appealed. On November 21, 1991, the probation office issued an addendum to the presentence report, reiterating the recommendation that Lewis be sentenced as a career offender and stating that the burden was on Lewis to establish that he was not a career offender. After receiving the presentence report and the addendum, the district court ordered the probation officer to locate the transcripts of Lewis' prior pleas so that the court could determine for itself whether those pleas were constitutional. The court continued Lewis' sentencing until December 13, 1991, in order to allow the probation office sufficient time to obtain the transcripts.

On December 13, 1991, the probation officer still had been unable to locate the transcripts. The probation officer indicat-

ed that the transcripts of Lewis' 1976 bank robbery conviction had been destroyed, but that she believed that the transcripts from Lewis' 1981 conviction in California, and his 1981 conviction in Nevada could be obtained.[1] The district court stated that it had been in contact with the reporters of the Nevada conviction and had directed the reporters to transcribe the notes from the Nevada plea. The matter was continued until February 4, 1992. On February 3, 1992, the probation office informed the court that the transcripts of the 1981 California plea proceedings had been located, but had not yet been transcribed. On February 11, 1992, the probation officer reported that she would need at least another month to obtain the transcript of the California plea.

On February 14, 1991, Lewis objected to a continuance of the sentencing proceeding. He argued that the court had improperly acted as an advocate in using its authority to obtain the transcripts. The district court stated that it had ordered the transcripts because it was important to resolve the issue as to the constitutionality of the prior pleas in order to determine whether or not to adopt the probation officer's recommendation.

By March 30, 1992, the court had obtained transcripts of the 1981 California plea and the 1981 Nevada plea. After reviewing these transcripts, the district court found that Lewis was a career offender and sentenced him to a prison term of 170 months.

## II.

Lewis contends that the district court denied him due process by requesting the transcripts of Lewis' prior pleas to determine whether Lewis was a career offender. In particular, Lewis argues that the sentencing guidelines have transformed a sentencing hearing into an adversarial proceeding wherein the Government must sustain its burden of proof as to any material

fact relevant to sentencing. Lewis asserts that by ordering the transcripts to determine whether Lewis was a career offender after the parties already agreed not to treat Lewis as a career offender, the court usurped the prosecutor's function.

■ We review *de novo* the question whether due process has been violated. *United States v. Anderson*, 942 F.2d 606, 609 (9th Cir.1991).

■ Lewis' contention that the district court improperly ordered the transcripts is without merit. It has long been recognized in this circuit that a district court can consider a wide variety of information when imposing a sentence. *United States v. Columbus*, 881 F.2d 785, 787 (9th Cir.1989). The advent of the sentencing guidelines has not altered this basic tenet. *See* U.S.S.G. § 6A1.3(a) ("In resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information . . . provided that the information has sufficient indicia of reliability to support its probable accuracy."). Sometimes, "an evidentiary hearing may . . . be the only reliable way to resolve disputed issues." U.S.S.G. § 6A1.3, comment.

"It is well established that a trial judge is more than a moderator or umpire." *United States v. Mostella*, 802 F.2d 358, 361 (9th Cir.1986) (citations omitted). Thus, it is entirely proper for a judge to elicit information in order to clarify evidence. *See id.* (A judge may "participate in the examination of witnesses for the purpose of clarifying the evidence. . . .").

Contrary to Lewis' contention, the district judge did not assume the role of prosecutor by requesting the transcripts to ascertain the constitutionality of Lewis' prior convictions. Instead of simply adopting the conclusions of the presentence report, the court chose to review the transcripts and determine for itself whether Lewis' prior pleas were constitutional. Rather than demonstrating prejudice, the district

---

**1.** On June 10, 1981, Lewis robbed a Security Pacific Bank in Buena Park, California. On September 14, 1981, Lewis entered a plea of guilty to bank robbery. Lewis was inadvertent-

ly released from the Federal Correctional Institution on Terminal Island on September 15, 1981. On September 21, 1981, Lewis robbed a First Interstate Bank in Las Vegas, Nevada.

court's successful efforts to obtain the transcripts demonstrated its concern regarding whether the probation officer's conclusions about the validity of the prior convictions were accurate.

Lewis relies on *United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir.1990) to support his contention that the Government bears the burden of proving an enhancement of a sentence by a preponderance of the evidence. Lewis' reliance on *Howard* is misplaced. Because the Government did not seek an enhancement of Lewis' sentence, *Howard* is inapposite. There is no suggestion that the evidence relating to Lewis' prior convictions was insufficient.

### III.

Lewis also contends that in treating Lewis as a career offender, the district court deprived Lewis of the benefit of his plea bargain. We disagree.

A plea bargain is governed by contract principles. *United States v. Keller*, 902 F.2d 1391, 1393 (9th Cir.1990). Although both the government and the defendant are expected to comply with the terms of the plea agreement, the court is not a party to the agreement and may reject it. *United States v. Castro–Cervantes*, 927 F.2d 1079, 1082 (9th Cir.1991).

Contrary to Lewis' contention, Lewis was not denied the benefit of his plea bargain. Lewis bargained for the government's recommendation that the court not treat him as a career offender. The record demonstrates that the government fulfilled its promise. The district court rejected the prosecutor's recommendation. Because the government adhered to its commitment under the plea agreement, Lewis received the benefit of his bargain.

AFFIRMED.