34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Judy ANDREW, Defendant-Appellant.
 No. 94-50054.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 12, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Judy Andrew appeals her sentence of ten months imprisonment and three years supervised release, imposed following the entry of a guilty plea to theft and receipt of stolen mail matter in violation of 18 U.S.C. Sec. 1708. Andrew contends that the district court erred in refusing to grant an acceptance of responsibility reduction pursuant to U.S.S.G. Sec. 3E1.1. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo and dismiss because Andrew waived her right to appeal in the plea agreement. See United States v. Bolinger, 940 F.2d 478, 479-80 (9th Cir.1991).
 
 
 3
 A defendant may expressly waive her statutory right to appeal if the waiver is knowingly and voluntarily made. United States v. DeSantiago-Martinez, 980 F.2d 582, 582 (9th Cir.1992); Bolinger, 940 F.2d at 480. As long as the sentence imposed was in accordance with the plea agreement, no exception exists to the waiver of the right to appeal. Bolinger, 940 F.2d at 480. A defendant may not circumvent a waiver by arguing that the district court misapplied the Sentencing Guidelines. Id.
 
 
 4
 Here, the plea agreement provided that Andrew "waives her right to appeal all sentencing issues based on [18 U.S.C. Sec. 3742(a) ] and any other grounds if the Court imposes a sentence consistent with the terms of this agreement." The government also agreed "not to oppose a two level reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(a) provided defendant truthfully admits her entire involvement in all of her mail thefts." The parties further stipulated that Andrew "should receive a custodial sentence of six (6) months" or "[i]f the low end of defendant's sentencing guideline range is more tha[n] six months ... the low end of the applicable guideline range." At sentencing, the government did not oppose the acceptance of responsibility reduction. However, the district court rejected this recommendation and imposed a sentence of ten months based on a guidelines range of ten to sixteen months.
 
 
 5
 Andrew does not suggest that her waiver was involuntary or unintelligent. See Bolinger, 942 F.2d at 480. Furthermore, Andrew does not argue that the government breached the plea agreement. See United States v. Gonzalez, 16 F.3d 985, 988-89 (9th Cir.1993) (government's opposition to acceptance of responsibility reduction breached plea agreement). In addition, the sentence imposed by the district court was in accordance with the plea agreement. See Bolinger, 942 F.2d at 480. Although Andrew contends that the district court erred by refusing to grant an acceptance of responsibility reduction, Andrew may not circumvent her waiver by arguing that the district court misapplied the Guidelines. See id.; see also United States v. Lewis, 979 F.2d 1372, 1375 (9th Cir.1992) (explaining that district court is not party to plea agreement and may reject government's recommendation). Accordingly, we enforce Andrew's waiver of her right to appeal. See Bolinger, 942 F.2d at 480.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Andrew's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3