69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leon Michael SHIELDS, Defendant-Appellant.
 No. 95-15158.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shields appeals the denial of his 28 U.S.C. Sec. 2255 motion. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm in part and remand in part.
 
 BACKGROUND
 
 3
 In 1992 the Las Vegas police received a tip from Michael Roks that Shields was storing weapons in an apartment. The police went to the apartment and found Shields as well as a rifle, a handgun and a silencer adapter. Shields was arrested and charged with five weapons violations. At trial a witness testified that after his arrest, Shields asked the witness to claim that the guns were his. Shields was convicted of one count of unlawful possession of a firearm by a felon, 26 U.S.C. Sec. 923(g).
 
 
 4
 At the sentencing hearing the government told the court that it had made a plea offer in which it would drop counts two through five if Shields would plead guilty to count one. Shields' attorney claimed never to have received this offer. In determining Shields' guidelines offense level, the court gave him a two-level enhancement under U.S.S.G. Sec. 3C1.1 for his attempt to obstruct justice by asking a witness to claim ownership of the firearms. The court sentenced him to 28 months in prison followed by a three-year period of supervised release.
 
 
 5
 Shields filed a motion to vacate his conviction pursuant to 28 U.S.C. Sec. 2255, claiming ineffective assistance of counsel, government withholding of exculpatory evidence, and erroneous sentencing. Upon receiving the government's response motion he filed a motion to amend. At the same time he filed a reply motion adding two new claims of ineffective assistance of counsel. The district court granted the motion to amend. The court did not, however, address the two additional claims when it denied his Section 2255 motion. Shields appeals.
 
 ANALYSIS
 
 6
 We review de novo the denial of a Section 2255 motion. Sanchez v. United States, 50 F.3d 1450, 1451 (9th Cir.1995). Although Shields did not raise on appeal the issues in his original Section 2255 motion, the district court considered the motion despite this procedural defect. Because the motion raises constitutional issues which require that Shields make a showing of prejudice, we too will excuse this procedural defect. See United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1471 (9th Cir.1988) (allowing Section 2255 motion containing issues not raised on appeal where the issues required the same showing of prejudice necessary to excuse procedural defect).
 
 1. Ineffective Assistance of Counsel
 
 7
 Shields contends that his attorney's failure to notify him of a plea offer constituted ineffective assistance of counsel in violation of the Sixth Amendment. He argues that if he had been given the chance to accept a plea bargain, he would not have received a sentence enhancement for obstruction of justice, because the testimony proving obstruction, which emerged at trial, would never have been considered by the judge.
 
 
 8
 We review ineffective assistance claims de novo. Sanchez, 50 F.3d at 1456. To prevail on such a claim, Shields has the burden of showing that his attorney's performance was deficient and that this deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-690 (1984). Failure to make either of these showings requires rejection of the claim. United States v. Molina, 934 F.2d 1440, 1447 (9th Cir.1991).
 
 
 9
 If the government did make a plea offer and Shields' attorney did not tell him about it, this omission would constitute deficient performance. United States v. Blaylock, 20 F.3d 1458, 1466 (9th Cir.1994) (holding that failure by counsel to communicate the government's plea offer to his client constitutes deficient performance).
 
 
 10
 Shields has not shown, however, how such an omission prejudiced him. The district court concluded that the plea bargain, if any, offered dismissal of counts two through five in return for a guilty plea to count one. This offer corresponded to the actual outcome of Shields' bench trial. The court also concluded that there was no evidence of a plea offer containing a recommendation for a definite period of incarceration. At sentencing the judge calculated Shields' sentence according to the guidelines just as he would have done had Shields accepted a one-count guilty plea containing no sentencing recommendation. Although the government would not have had the opportunity to introduce evidence of obstruction of justice at trial if Shields had pleaded guilty, the government could have introduced such evidence at the sentencing hearing. On the basis of this evidence the judge would have been free to enhance Shields' offense level and sentence him at the same level that he in fact was sentenced. Shields has not carried his burden of showing how any failure to communicate a plea offer prejudiced him. We reject this argument of ineffective assistance.
 
 2. Withholding of Exculpatory Evidence
 
 11
 Shields contends that the government's failure to arrest Roks as a material witness and produce him at trial constituted the withholding of exculpatory evidence in violation of his due process rights. He argues that had Roks testified he would have been identified as the true owner of the rifle.
 
 
 12
 We review de novo the question whether an accused's due process rights were violated. United States v. Lewis, 979 F.2d 1372, 1374 (9th Cir.1992). To succeed on a claim that the government has deprived him of the due process right to obtain a witness, the accused has the burden of demonstrating that he has been prejudiced because the testimony would have been "both material and favorable" to the defense. United States v. Valenzuela-Bernal, 458 U.S. 858, 873 (1982). There is no duty of the government to present at trial all witnesses. Cauley v. United States, 294 F.2d 318, 320 (9th Cir.1961).
 
 
 13
 Shields has not demonstrated how Roks' testimony would have been favorable to his defense. Evidence at trial linked Roks to some of the weapons found at the apartment, but did not show that Roks owned the rifle that Shields was convicted of possessing. Shields repeatedly asserts that Roks would have been identified as the owner of the rifle, evidently on the theory that if Roks owned some of guns at the apartment, he must have owned them all. This speculative argument fails in the face of testimony from another witness that he sold the rifle to Shields. Roks informed police that Shields was in possession of firearms, so it is unlikely that he would admit at trial that he in fact was the owner of the rifle. He would be more likely to testify that Shields owned the rifle, and therefore his testimony would probably have been inculpatory rather than exculpatory. We reject Shields' argument that the government's failure to produce Roks at trial constitutes withholding of exculpatory evidence.
 
 
 14
 3. Supervised Release in Violation of Sentencing Guidelines
 
 
 15
 Shields contends that the district court erred in rejecting his claim that the sentencing court improperly imposed a three-year term of supervised release. He argues that his term should not have exceeded one year, since he was convicted of a Class E felony. Although we need not consider this nonconstitutional issue since it was not raised on appeal, we note that Shields argument is without merit. He was found guilty of violating 18 U.S.C. Sec. 922(g), a Class D felony. See 18 U.S.C. Secs. 922(g), 924(a)(2), 3559(a)(4). The maximum term of supervised release for a Class D felony is three years. 18 U.S.C. Sec. 3583(b)(2), U.S.S.G. Sec. 5D1.2. The District Court did not err in finding that the term of supervised release was proper under the Sentencing Guidelines.
 
 
 16
 4. Failure to Address Claims in Amended Motion
 
 
 17
 Shields argues that the district court erred by not addressing the two ineffective assistance claims he raised in his reply motion. Since the court granted his motion to amend the original Section 2255 motion, we treat his reply motion as an amended motion. The government did not respond to this motion and the court evidently did not address the additional claims since there is no mention of them in its decision. The government concedes that this failure to address the claims may warrant a limited remand. We agree and remand the case to the district court for the limited purpose of addressing the two claims. See In Re Intermagnetics America, Inc., 926 F.2d 912, 918 (9th Cir.1995) (remanding case because of district court's failure to address claims).
 
 CONCLUSION:
 
 18
 We affirm with respect to the claims raised in the original Section 2255 motion and remand for consideration of the two claims raised in the amended motion.
 
 
 19
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3