**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Daniel ISOBE, Defendant—Appellant.**

**No. 04–10286.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

---

* The Honorable Morrison C. England, United States District Judge for the Eastern District of California, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark E. Recktenwald, USH—Office of the U.S. Attorney, Honolulu, HI, for Plaintiff—Appellee.

Daniel Isobe, Atwater, CA, pro se.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM **

Daniel Isobe appeals the sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 942(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing for plain error, *see United States v. Siu Kuen Ma,* 290 F.3d 1002, 1005 (9th Cir.2002), we dismiss.

** This disposition is not appropriate for publication and may not be cited to or by the

Isobe contends that his plea agreement is invalid because the government did not provide adequate consideration. Though Isobe is correct that plea agreements are typically construed according to contract law principles, *see United States v. Johnston,* 199 F.3d 1015, 1020 (9th Cir. 1999), we are not persuaded by his contention. Because Isobe received the benefit of his bargain, his negotiated plea agreement is valid. *See United States v. Lewis,* 979 F.2d 1372, 1375 (9th Cir.1992) (stating that because the government fulfilled its promise not to recommend sentencing defendant as a career offender, defendant received the benefit of his bargain and the plea agreement was valid.)

Next, Isobe contends that his appeal waiver is invalid because the district court did not address him personally, at the change of plea hearing, regarding the waiver. This contention also lacks merit. *See Siu Kuen Ma,* 290 F.3d at 1005 (concluding there was no plain error where the prosecutor summarized the terms of the plea, including the waiver provision, in open court, and the district court asked the defendant if this comported with her understanding of the plea agreement).

To the extent that Isobe contends that his waiver is unenforceable because the district court advised him that he had the right to appeal, we are unpersuaded. The court did not make an unambiguous statement that Isobe had a right to appeal, and thus its statement did not invalidate Isobe's waiver of appeal. *See United States v. Aguilar–Muniz,* 156 F.3d 974, 977 (9th Cir.1998).

We dismiss in light of the valid appeal waiver. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000)

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(stating that an appeal waiver is valid when it is entered into knowingly and voluntarily); *see also United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (holding that the changes in sentencing law imposed by *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not render waiver of appeal involuntary and unknowing).

DISMISSED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.