**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10618 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00126-JAT-19 |
| v. | |
| SEAN CHRISTOPHER STEWARD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted April 8, 2014
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Sean Steward appeals the sentence imposed following his guilty plea to two

counts: 1) conspiracy to deal in firearms without a license, to make false statements

in connection with the acquisition of a firearm, and to smuggle goods from the

United States, in violation of 18 U.S.C. §§ 371, 922(a)(1)(A), 924(a)(1)(A), and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

554; and 2) making false statements in connection with the acquisition of firearms in violation of 18 U.S.C. § 924(a)(1)(A). We have jurisdiction under 28 U.S.C. § 1291. Because Steward knowingly and intelligently waived his right to appeal pursuant to a written plea agreement, we dismiss the appeal for lack of jurisdiction.

We generally review *de novo* whether a defendant has waived his statutory right to appeal by plea agreement. *United States v. Lightfoot*, 626 F.3d 1092, 1094 (9th Cir. 2010). *But see United States v. Alcala-Sanchez*, 666 F.3d 571, 575 (9th Cir. 2012) ("We have not been entirely consistent in our standards for reviewing a claim that the government breached a plea agreement."); *see also United States v. Franco-Lopez*, 312 F.3d 984, 988 (9th Cir. 2002) (noting we have alternatively applied *de novo* and clearly erroneous standards). Since the result would be the same under either standard, we do not resolve this inconsistency here, and apply *de novo* review. *See Alcala-Sanchez*, 666 F.3d at 575.

A plea agreement must be "knowingly and voluntarily made" to be enforceable. *United States v. Gonzalez*, 981 F.2d 1037, 1039 (9th Cir. 1992). Steward's appellate waiver was explicit. The district court clarified the waiver during the plea colloquy and again at sentencing, whereupon the district court found "the defendant has knowingly and voluntarily waived his right to appeal." Steward also told the court he was entering the plea voluntarily, that he had

2

reviewed the document closely with his attorney, and that he thought his attorney had done a good job. His counsel also said he thought his client was competent to enter a plea. Furthermore, Steward received the "benefit of the bargain" in the plea agreement because the Government complied with the terms of the agreement. *See Alcala-Sanchez,* 666 F.3d at 575. The Government, true to the agreement, dismissed dozens of other charges, and Steward received a drastically reduced sentence (nine years' imprisonment instead of a possible ninety-five years under the original indictment). *See United States v. Lewis*, 979 F.2d 1372, 1375 (9th Cir. 1992) ("Because the government adhered to its commitment under the plea agreement, [the defendant] received the benefit of his bargain."). Since the waiver was made knowingly and voluntarily, it is enforceable. *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996).

Steward argues for the first time on appeal that the Government breached the plea agreement by failing to comply with its discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). The only issue Steward raised before the district court was a motion to compel discovery. Because Steward did not argue below that the government breached the plea agreement, the question was not properly preserved, and "[i]ssues not presented to the trial court cannot generally be raised for the first time on appeal." *United States v. Flores-Payon*, 942 F.2d 556, 558 (9th

3

Cir. 1991). We have only recognized certain narrow exceptions to this general rule where:

> (1) there are 'exceptional circumstances' why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.

*Id.* (citation omitted). None of those circumstances exists here. Accordingly, Steward's waiver of his right to appeal is enforceable. *See United States v. Robertson*, 52 F.3d 789, 792 (9th Cir. 1994).

Steward also argues that the government waived its right to assert the appeal waiver by virtue of its response to Steward's interlocutory appeal. There, the government, in arguing that the interlocutory appeal should be dismissed for lack of a final judgment, stated that Steward's claim that the plea agreement was breached could be appealed after a final judgment.

We reject Steward's argument that the government's assertion of the final judgment rule in response to an improper interlocutory appeal estops it from raising the plea agreement's appeal waiver now. In context, the government was merely stating the truism that whatever is appealable—if anything—is appealable only after a final judgment, and not before. *See Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1250 (9th Cir. 1998). The government's assertion of the

final judgment rule in response to an impermissible interlocutory appeal did not suddenly transform non-appealable issues into appealable ones.

**DISMISSED.**