**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10268 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00931-RCC-LAB-1 |
| v. | |
| JOSE ANTONIO GARCIA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted April 7, 2020**

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Jose Antonio Garcia appeals from the district court's judgment and

challenges the 6-month custodial sentence and 3-year term of supervised release

imposed upon revocation of supervised release.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Garcia contends that the district court procedurally erred by failing to notify him clearly that it was rejecting the disposition agreement and failing to give him an opportunity to withdraw his admission to the supervised release violation after rejecting the agreement. We review for plain error, *see United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008), and conclude there is none. Garcia does not cite any authority, other than inapplicable contract principles, to support his arguments.[1] In any event, the record belies Garcia's contentions. The record reflects that the district court made clear to Garcia that it had rejected the disposition agreement. Moreover, the court permitted Garcia to consult with his attorney following its rejection of the agreement, and Garcia elected to proceed to sentencing. Finally, Garcia's contention that the district court breached the disposition agreement fails because the district court was not a party to the agreement. *See United States v. Lewis*, 979 F.2d 1372, 1375 (9th Cir. 1992).

**AFFIRMED.**

---

[1] In response to the government's argument that Federal Rule of Criminal Procedure 11 does not apply to supervised release revocation proceedings, Garcia disclaimed any reliance on that rule.

19-10268